UNITED STATES of America,
Appellee,

v.

Arvie Ray BURCH, Appellant.

No. 73–1527.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 12, 1973.

Decided Jan. 24, 1974.

Richard L. Dahlen, Minneapolis, Minn., for appellant.

Elizabeth A. Egan, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before GIBSON and ROSS, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

ROSS, Circuit Judge.

Arvie Ray Burch was indicted with a co-defendant for a two count violation of 18 U.S.C. § 495, forging and uttering a United States Treasury check on or about February 4, 1971. Both defendants entered pleas of not guilty and severance was granted by the trial court. Burch was found guilty on both counts by the jury. He appeals from that verdict alleging error in restricting his cross-examination of the prosecution's chief witness.

In February, 1971, a United States Treasury check issued to Kathleen Harrer, an employee of the United States Department of Agriculture, was allegedly stolen by Burch and an accomplice in a burglary of Harrer's apartment. Also taken were some identification and credit cards.

Charlotte Scammahorn, the chief prosecution witness, testified at trial that, after the alleged burglary, she received the stolen check from Burch and his accomplice as well as the identification and credit cards. She indicated that she was induced by Burch to practice forging the payee's signature and then to forge and pass the Treasury check. For her assistance in uttering the check, she and her boyfriend were given part of the proceeds of the check and were allowed to retain the payee's identification and credit cards.

Subsequent to the uttering Scammahorn attempted to use the stolen credit cards for the purchase of several coats in a local department store. She was apprehended, charged, and convicted of a felony. That impeaching testimony was brought out on both direct and cross-examination in addition to other impeaching testimony. However, Burch's attempt to impeach her credibility on another matter was curtailed by the district judge. That curtailment is the subject of this appeal.

Burch's offer of proof indicates that the matter upon which he sought to cross-examine the witness involved an incident where she had approached a man and solicited him for the purpose of prostitution. However, the solicitation was predicated upon a falsehood, for when she accompanied him to her apartment, and after he had disrobed, she participated in a robbery and mugging of the victim with two other accomplices. She was apprehended on this charge and allegedly admitted in a statement to the police that she had intentionally lied to the victim, that she had never intended to engage in prostitution with him, and that she had intended to victimize him for robbery from the outset.

Scammahorn was charged with simple robbery in connection with this second matter in state court. The colloquy at the bench pertaining to this offer disclosed that she had entered a plea of not guilty and had not, at the time of Burch's trial, stood trial on the state charge. Scammahorn refused to answer questions on self-incrimination grounds. The court thereupon ruled that inquiry into the matter could not be made, thus curtailing Burch's cross-examination.

* The Honorable TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

**1302**

In this appeal, Burch advances two grounds in support of the admissibility of the evidence. First, he argues, the inquiry would disclose a specific act of untruthfulness and thus a propensity for falsehood which would tend to impeach Scammahorn's credibility. Second, he asserts that the pendency of the charge might suggest that Scammahorn testified in exchange for a promise of leniency in the pending charge and thus, that her testimony was based upon self-interest. Neither of these arguments of reversible error can be sustained.

■ The character of a witness for truthfulness or mendacity is relevant circumstantial evidence on the question of the truth of particular testimony of a witness. C. McCormick, McCormick on Evidence § 41 (2d ed. 1972). In this case, Scammahorn was the chief government witness without whose testimony a conviction would have been unlikely. As such, an attack upon her credibility was essential to Burch's defense. Yet, we must determine whether the intended cross-examination was a permissible means of testing Scammahorn's credibility and, further, whether it was reversible error to exclude the testimony.

■■ It is a general rule that arrest without more does not impeach the integrity nor impair the credibility of a witness. "Only a conviction, therefore, may be inquired about to undermine the trustworthiness of a witness." Michelson v. United States, 335 U.S. 469, 482, 69 S.Ct. 213, 222, 93 L.Ed. 168 (1948). The pertinent language in the application of that rule to these facts is "arrest *without more*" for the rule does not automatically serve to insulate a witness from inquiry into specific acts that may have led to an arrest (emphasis supplied). The English common law tradition of "cross-examination to credit" permits counsel to inquire into any particular misconduct which would tend to discredit the witness' character, though it has not been the basis for conviction of a crime. C. McCormick, McCormick on Evidence § 42 (2d ed. 1972). By the rule obtaining in most jurisdictions of the United States, the repression of possible abuses is left in the discretion of the trial judge. Questions upon facts relevant to character may still be forbidden by him where he believes that under the circumstances it is unnecessary and undesirable. IIIA, J. Wigmore, Wigmore on Evidence § 983 at p. 847 (Chadbourn rev. 1970). This tradition is recognized in Rule 608(b) of the Proposed Rules of Evidence which would permit inquiry into specific instances of conduct for the purpose of attacking the credibility of witnesses:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, if probative of truthfulness or untruthfulness and not remote in time, be inquired into on cross-examination of the witness himself or on cross-examination of a witness who testifies to his character for truthfulness or untruthfulness.

> The giving of testimony, whether by an accused or by any other witness, does not operate as a waiver of his privilege against self-incrimination when examined with respect to matters which relate only to credibility.

Here, the conduct sought to be introduced was evidence of Scammahorn's untruthfulness. It was a specific act of a false statement made by her to another person and, thus, it was probative of her credibility. Yet, although it was probative of untruthfulness and was not remote in time,[1] there are two impediments to its admissibility in this case.

---

[1]. The remoteness in time requirement has been deleted in H.R.Rep. 93–650, 93d Cong., 1st Sess., the report from the House Committee on the Judiciary relating to Federal Rules of Evidence. The report also indicates that a change in Rule 608(b) has been proposed which would emphasize the discretionary power of the judge in admitting such testimony.

■ The Advisory Committee's note to Proposed Rule 608 recognizes a sound policy that any past criminal act relevant to credibility may not be inquired into on cross-examination in disregard of the privilege against self-incrimination. The United States attorney was without power to offer her immunity on the state charge. Thus, any matter to which she testified in Burch's trial had possible incriminating effects since it could be used against her in the pending state prosecution.

■ In response, Burch argued that Scammahorn had waived her privilege against self-incrimination in making a statement to the police. However, a waiver of a witness' privilege against self-incrimination is limited to the particular proceeding in which the witness volunteers the testimony. VIII J. Wigmore, Wigmore on Evidence § 2276 at 470 (McNaughton rev. 1961). No waiver of her privilege against self-incrimination in Burch's trial can be imputed to Scammahorn by virtue of the statement she made to the police since she did in fact assert her privilege in Burch's trial; since she implicitly repudiated the statement in pleading not guilty; and especially since her attorney may move to suppress the statement and be successful thereby giving independent incriminating value to any testimony she rendered at Burch's trial. This result accords with the policy advanced in the Advisory Committee's comment:

> While it is clear that an ordinary witness cannot make a partial disclosure of incriminating matter and then invoke the privilege on cross-examination, no tenable contention can be made that merely by testifying he waives his right to foreclose inquiry on cross-examination into criminal activities for the purpose of attacking his credibility. So to hold would reduce the privilege to a nullity.

Thus inquiry into the specific act would have been in disregard of her fifth amendment rights. As such, it is improper.

■ An additional reason for repressing the inquiry into the alleged specific conduct is present on these facts. For, although evidence may be relevant, it is not necessarily admissible:

> Relevant evidence, then, is evidence that in some degree advances the inquiry, and thus has probative value, and is prima facie admissible. But relevance is not always enough. . . . There are several counterbalancing factors which may move the court to exclude relevant evidence if they outweigh its probative value.

C. McCormick, McCormick on Evidence § 185 at pp. 438–439 (2d ed. 1972). Among those counterbalancing factors, McCormick lists the danger that the facts offered may unduly arouse the jury's emotions of prejudice, hostility, or sympathy.[2] Accordingly, we have said that it is the trial judge's duty to weigh the relevance of the evidence against the possibility of prejudice:

> This balancing of intangibles—probative values against probative dangers —is so much a matter where wise judges in particular situations may differ that a leeway of discretion is generally recognized.

C. McCormick, McCormick on Evidence § 185 at p. 440 (2d ed. 1972); United States v. Willis, 482 F.2d 1034 (8th Cir.), cert. denied, 414 U.S. 1112, 94 S.Ct. 841, 38 L.Ed.2d 738 (1973). To this end, the trial court is vested with considerable discretion and will not be overturned unless it has abused that discretion. United States v. Madden, 482 F.2d 850 (8th Cir. 1973); United States v. Willis, *supra*; United States v. Cole, 449 F.2d 194 (8th Cir. 1971), cert. denied, 405 U. S. 931, 92 S.Ct. 991, 30 L.Ed.2d 806 (1972).

---

2. This policy is recognized by the proposed rules also. Rule 403 acts as a catalyst to the principles enunciated in Rule 608(b) and provides an overriding protection that the probative value of the inquiry not be outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury.

Clearly in this case, inquiry into the alleged specific conduct that was probative of untruthfulness would have unduly aroused the jury's emotions of prejudice and hostility. Here the evidence necessary to prove the falsehood was so closely related to the commission of a crime that undue emphasis would be placed on the crime for which no conviction had been obtained. Moreover, substantial evidence of an impeaching nature was already before the jury: she had a concubine; she had committed another crime in the use of the identification and charge plate; and she had admitted participation with Burch in the commission of the check uttering crime. In accord with the rules hereinbefore enunciated, no abuse of discretion can be found in the trial judge's curtailment of this attempt to impeach the witness.

Burch's second ground for the admission of the evidence is that the proffered testimony would demonstrate self-interest on the part of the witness, her testimony possibly having been procured in exchange for a promise of leniency in a pending prosecution. This argument is defective for the following reasons.

First, the offer of proof was made for the announced purpose of demonstrating her propensity for untruthfulness. The record does not disclose that it was offered in order to show a possible promise of leniency. But even if a proper offer of proof had been made giving both reasons therefor, the simple answer to this argument is that Burch could have probed the possible self-interest by a direct question to that effect without any reference to the specific facts underlying the pending state charge. Because no such question was asked or even attempted, and because the possibility of self-interest was not advanced as a basis for the admission of the testimony, we are left with the conclusion that this second ground for the admissibility of

the testimony was not conceived until after the trial.

For the reasons hereinbefore expressed, the judgment of the district court is affirmed.