Ronald PHILLIPS, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 75–271 C (1).

United States District Court, E. D. Missouri, E. D.

Sept. 2, 1975.

Larry W. Glenn, St. Louis, Mo., for petitioner.

Donald J. Stohr, U. S. Atty., St. Louis, Mo., for respondent.

### ORDER

MEREDITH, Chief Judge.

Ronald Phillips seeks vacation of sentence from a fifteen year term im-posed after a conviction of bank robbery by this Court. He is presently in the custody of the Attorney General at Leavenworth, Kansas. As a basis for his motion to vacate, he claims:

1.   That he was taken from the court-room and not allowed to partici-pate in the picking of the jury panel.
2.   That his appointed counsel failed to cross-examine a government witness concerning a pending charge.
3.   That his conviction was based on the perjured testimony of a gov-ment witness.
4.   That he was denied effective as-sistance of counsel.

■   We can dispose of the allegation concerning cross-examination of a gov-ernment witness in regards to an alleged pending indictment, rather easily. A pending charge is not proper material for cross-examination. *United States v. Kirk,* 496 F.2d 947 (8th Cir. 1974).

"The long-standing rule in this cir-cuit has been that the credibility of a witness may not be impeached by showing that he has been accused of, charged with, or arrested for a crime which has not culminated in a con-viction." *United States v. Burch,* 490 F.2d 1300 (8th Cir. 1974).

■   Phillips' contention that perjured testimony was used against him can be dispatched with the Eighth Circuit's holding in *Taylor v. United States,* 229 F.2d 826 (8th Cir. 1956), wherein that Court stated:

"Perjured testimony, standing alone, is not sufficient to present any issue to this Court under Section 2255, Title 28, U.S.C. Before this Court will direct that a defendant be pro-duced before the Court for a hearing under said section, where perjured testimony is made the premise of a motion filed thereunder, it must be made to affirmatively appear that there is substance to such a claim. This can only be done by setting forth

the facts establishing knowledge on the part of the prosecuting officials that they knowingly encouraged the use of perjured testimony at a trial. The fact that there may have been available to such officials information which reflects facts contrary to those established as part of the prosecution of a case, standing alone, is not sufficient. A further showing must be made that they deliberately and intentionally withheld such testimony from the Court, or otherwise affirmatively encouraged the production of perjured testimony. The instant application of the defendant makes no such showing and for that reason must be held to be insufficient."

Petitioner's application for habeas corpus makes no such showing.

■ ■ Concerning Phillips' allegations of ineffective assistance of counsel, the record reveals otherwise. Although Phillips' attorney was not a criminal specialist, he acquitted himself most adequately. The record in the instant case certainly does not reach the level of "farce and mockery of justice" standard established in *Cardarella v. United States*, 375 F.2d 222 (8th Cir. 1967). These standards have been restated in *McQueen v. Swenson*, 498 F.2d 207 (8th Cir. 1974), and *Garton v. Swenson*, 497 F.2d 1137 (8th Cir. 1974). Phillips' attorney's preparation and argument, both during trial and on appeal, were both vigorous and meaningful. In post conviction proceedings such as this, petitioner carries a heavy burden to demonstrate the lack of effective assistance of counsel. *Crismon v. United States*, 510 F.2d 356 (8th Cir. 1975). That burden has not been met in this application by petitioner's naked allegations.

■ It is Phillips' allegation concerning his absence from the courtroom during the examination and selection of his jury that presents cognizable constitutional challenges to the conduct of this trial. The right of a defendant to be present during the process of impanel-ling the jury commenced development long ago by the Supreme Court. *Pointer v. United States*, 151 U.S. 396, 14 S.Ct. 410, 38 L.Ed. 208 (1894). The Supreme Court recently held this principle to be guaranteed through the confrontation clause of the Sixth Amendment in *Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). Rule 43 of the Federal Rules of Criminal Procedure, explicitly embodies this principle stating that:

> "The defendant shall be present . . . at every stage of the trial including the impanelling of the jury . . . ."

The Supreme Court, in *Rogers v. United States*, 422 U.S. 35, 95 S.Ct. 2091, 45 L.Ed.2d 1 (1975), recently reversed a conviction rendered by a jury who had received a supplemental instruction from the court without notice to the defendant or his counsel.

To further complicate the jury selection issue, petitioner claims that one of the potential jurors had formerly worked with him and that the relationship was not amicable. He states his absence during her examination disallowed any inquiry as to her relationship, if any, with him.

In view of the foregoing, and inasmuch as the petitioner's allegations, if true, would make out a case for vacation of judgment, an evidentiary hearing was ordered held by the District Court on June 18, 1975.

■ For the purposes of these proceedings, petitioner's verified application for habeas corpus will be received in evidence. Under these circumstances, this Court felt it was unnecessary to receive additional evidence via petitioner's application for habeas corpus ad testificandum. He has stated that he "was not present during the seletion (sic) of the jury"; that "one juror, Carol Bintz, may have formerly worked with me", and that he "vehemently objected to his attorney after exclusion during voir dire".

·This Court exercised its discretion in not requiring the prisoner at the hearing. *Jackson v. United States,* 495 F.2d 349 (8th Cir. 1974); *Machibroda v. United States,* 368 U.S. 487, 82 S.Ct. 510, 7 L. Ed.2d 473 (1962); and 28 U.S.C. § 2255, which states:

"A court may entertain and determine such motion without requiring the production of the prisoner at the hearing."

■ At the evidentiary hearing, petitioner's counsel testified before the District Court. He stated that defendant was present during the questioning of the jury, and was present when the jury was sworn. He testified that he went over the whole panel with the defendant. He stated that the jury was asked if they knew the defendant or their attorneys and they denied any such knowledge. On cross-examination, counsel reiterated his statement that Phillips was present during the voir dire examination. He stated further, that he didn't recall any specific conversation with Phillips concerning any one juror. However, he was certain that Phillips made no objection to the juror, Carol Bintz, who Phillips claimed in his motion, "May have formerly worked with me. The relationship was not amicable".

The U. S. Attorney that prosecuted the case, also testified at the evidentiary hearing. He vehemently denied soliciting any perjury in Phillips' case. He testified he couldn't remember whether Phillips was present for the voir dire examination, but felt that he was. He stated that Phillips made no objection to the panel selected. This Court is familiar with the demands of *United States v. Chrisco,* 493 F.2d 232 (8th Cir. 1974) in that defendants must be present during the "impanelling" of the jury. This Court has concluded that Petitioner Phillips was present during the voir dire, including the peremptory strikes and that no member of the jury was acquainted with Phillips. No violation of petitioner's constitutional rights nor violations of his procedural rights, under Federal Rule of Criminal Procedure 43 have been shown. *United States v. Chrisco,* supra.

■ The evidentiary hearing developed another interesting highlight which suggests a waiver which would bar the claim of petitioner. Phillips' trial counsel testified that Phillips was offered a mistrial during the course of the trial. Counsel testified he made no recommendations concerning Phillips taking the mistrial. He testified he gave Phillips no advice on this matter other than to tell him it was available. As a matter of fact, he put Phillips on the stand to officially refuse the mistrial offered by the District Court. Although the mistrial proceedings had nothing to do with the selection of the jury, it did give Phillips the opportunity to obtain a new jury, if in fact, he felt any prejudice emanating from the existing jury. This would appear to be a knowing and voluntary waiver of his right to be present at the peremptory challenge stage. *United States v. Crutcher,* 405 F.2d 239 (2nd Cir. 1968), cert. den. 394 U.S. 908, 89 S.Ct. 1018, 22 L.Ed.2d 219 (1969).

At the conclusion of the evidentiary hearing, this Court concluded and hereby finds that Petitioner Phillips was present during the voir dire examination, and more particularly, he was present when he and his counsel discussed the strikes, and at the time the results of the strikes were called out, all of which was done in open court. Further, it seems abundantly clear from the record that petitioner had every opportunity to avoid the instant jury at the time this Court offered Phillips a mistrial. This Court further holds that under the facts shown, the petitioner was sufficiently "present" at the impanelling of the jury to satisfy the Federal Rule of Criminal Procedure 43 and the Constitution and cases of the United States.

Therefore,

It is the ruling of this Court, and it is hereby ordered that the petition of Ronald Phillips for a writ of habeas corpus be, and is, hereby denied.