UNITED STATES of America, Appellee,

v.

David Ernest YOUNG, Appellant.

UNITED STATES of America, Appellee,

v.

Gordon Francis KLEIN, Appellant.

Nos. 77–1484 and 77–1497.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1977.

Decided Dec. 13, 1977.

---

John E. Simko, Jr., Sioux Falls, S.D., argued and filed briefs, for appellant Young.

Carleton R. Hoy, Sioux Falls, S.D., argued and filed brief, for appellant Klein.

Robert D. Hiaring, Asst. U. S. Atty. (argued), and David V. Vrooman, U. S. Atty., Sioux Falls, S.D., on briefs, for appellee.

Before GIBSON, Chief Judge, LAY and STEPHENSON, Circuit Judges.

STEPHENSON, Circuit Judge.

These cases are separate appeals from the denial of defendant David Young's motion, in which defendant Gordon Klein joined, to suppress evidence obtained from a search and seizure and the subsequent conviction of both defendants after a trial by jury.[1] Each defendant was found guilty of conspiracy to transport stolen property, i.e., two Melroe Bobcat loaders worth more than $5,000 in interstate commerce in violation of 18 U.S.C. § 371; of interstate transportation of stolen property worth more than $5,000 in violation of 18 U.S.C. § 2314; and of receipt of stolen property worth more than $5,000 in violation of 18 U.S.C. § 2315. Young received a sentence of five years on each count to run concurrently and Klein a sentence of two years on each count to run concurrently.

On appeal both defendants urge that the trial court erred in failing to suppress evidence seized as a result of a warrantless

---

1. The Honorable Fred J. Nichol, United States District Judge for the District of South Dakota, presided.

search of a U-Haul truck driven by defendant Young.[2]

Two Melroe Bobcat loaders were stolen from a Mr. Uselman in Wadena, Minnesota, sometime between May 18 and May 25, 1976. Testimony by Mr. Uselman placed the value of the loaders between $12,000 and $13,500. On June 19 or 20, 1976, defendant Klein rented a U-Haul truck with a one-way destination listed as Sioux Falls, South Dakota. This truck was returned the following morning with the reason given that a family member who was moving to Sioux Falls had decided not to move. On June 22 or 23, 1976, Klein returned to rent another truck. The destination was again indicated as Sioux Falls, South Dakota.

On June 24, 1976, the FBI in Sioux Falls received information that a rented vehicle would be entering South Dakota from Minnesota carrying stolen Melroe Bobcat loaders. The informant further advised that a white Oldsmobile Cutlass might be involved and that David Young might also be involved. Consequently, three FBI agents set up a surveillance near the Minnesota border on Interstate 90 running west into South Dakota. Eventually a white Oldsmobile Cutlass preceded a rental truck by 15 minutes. This rental truck was followed to a truck stop in Sioux Falls where two people were observed leaving the truck and walking toward the cafe. Approximately one hour later two officers of the South Dakota Department of Criminal Investigation entered the truck stop where they saw defendant Klein with three other persons.

During the surveillance at the truck stop photographs were taken of the U-Haul truck and of defendant Young opening the box and showing a white front-end loader in the truck to two other people. The surveillance was continued in an attempt to determine the ultimate destination of the truck.

During the time the truck was in Sioux Falls, defendant Young checked into the Townhouse Motel and several calls were made from his room to the residence of defendant Klein in Minnesota. At the Black Watch bar in Sioux Falls, defendant Young told Robin Peters Reiper that he had been unable to contact his Minnesota connection. Shortly thereafter defendant Klein came into the Black Watch and sat down with defendant Young. At 2:00 a.m. on June 26, 1976, an individual entered the U-Haul truck at the truck stop and drove west on Interstate 90. FBI agents followed the truck until it was parked in front of the residence of the Ed Arndts in Pierre, South Dakota, and defendant Young was seen getting out of the truck and entering the Arndt home.

The truck next moved at 10:30 p.m. on the night of June 26, 1976. Surveillance of the moving truck continued until it went on to the Bad River Road, a narrow, lightly traveled gravel road running between Pierre, South Dakota, and Midland, South Dakota. At that time the truck accelerated markedly and one of the agents passed the truck to get to a lead vehicle, a pickup truck driven by the Arndts. The Arndts were stopped, but were released at the scene after being detained. The officer in charge made a decision to stop the truck, since he believed that the surveillance could not continue under these circumstances.

When defendant Young got out of the U-Haul truck, he stated that he did not know what was in the back of the truck but he thought it was furniture that he had been paid $100 to deliver to Rapid City, South Dakota. The Bad River Road is not the accepted way to go to Rapid City from Pierre.

The truck was impounded and taken back to Pierre where the lock securing the back part of the truck was broken off. The Bobcat loaders found in the truck were later determined to be the ones which had been taken from Wadena, Minnesota. The evidence obtained from this seizure and subsequent search conducted without a warrant was admitted at trial. The de-

---

2. The government argues that defendant Klein lacked standing to contest the constitutionality of the search. The result reached on the merits of defendant Young's claim makes it unnecessary for us to decide that issue.

fendants argue on this appeal that the conduct of the officers violated the Fourth Amendment and thus the evidence was erroneously admitted at trial.

■ "In enforcing the Fourth Amendment's prohibition against unreasonable searches and seizures, the Supreme Court has insisted upon probable cause as a minimum requirement for a reasonable search. The Court has also generally required that a search be preceded by the judgment of a magistrate on the probable cause issue and by the issuance of a warrant." *United States v. Helberg*, 565 F.2d 993 at 996 (8th Cir. 1977). However, the Supreme Court has also held that an automobile may be searched without a warrant in circumstances that would not justify the search without a warrant of a house or an office, provided that there is probable cause to believe that the motor vehicle contains articles that the officers are entitled to seize. *Chambers v. Moroney*, 399 U.S. 42, 48, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). This exception is based on vehicular characteristics: mobility, which may create exigent circumstances rendering a warrant impractical, and the diminished expectancy of privacy associated with the automobile. *United States v. Chadwick*, 433 U.S. 1, 12, 97 S.Ct. 2476, 2484, 53 L.Ed.2d 538 (1977); *United States v. Helberg, supra,* at 996.

■ A review of the record in this case convinces us that there was probable cause to support the search and seizure of the U-Haul truck. The informant's tip related that at some time on June 24, 1976, a rented vehicle would be entering the state of South Dakota from the state of Minnesota carrying stolen Melroe Bobcat loaders. The tip also advised that a white Oldsmobile Cutlass might be involved and that David Young might be a participant. These de-

tailed facts were then corroborated by the agents. The agents confirmed that a rented truck traveled from Minnesota into South Dakota following a white Oldsmobile Cutlass by 15 minutes. Further corroboration was gained when officers observed and photographed Melroe Bobcat loaders in the truck when it was opened by appellant Young. This corroborated the information that David Young was possibly involved. Finally, the truck was being driven only at night and it was following an unusual route to Rapid City, South Dakota, if that was its destination. When all these facts and circumstances are considered together, it is clear that the agents had probable cause to believe that stolen Melroe Bobcat loaders were being carried in the U-Haul truck. *See Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1958); *United States v. Wood*, 545 F.2d 1124 (8th Cir. 1976), *cert. denied*, 429 U.S. 1098, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977). *See also United States v. Marihart*, 472 F.2d 809 (8th Cir. 1972), *cert. denied*, 419 U.S. 827, 95 S.Ct. 46, 42 L.Ed.2d 51 (1974).

The defendants contend that even if there was probable cause for the search, there were no exigent circumstances which justified the search without a warrant. The existence of exigent circumstances is determined as of the time of seizure rather than as of the time of search. *Chambers v. Moroney, supra,* 399 U.S. at 52, 90 S.Ct. 1975; *United States v. Collins*, 549 F.2d 557, 560 (8th Cir.), *cert. denied*, 431 U.S. 956, 97 S.Ct. 2679, 53 L.Ed.2d 273 (1977). When the truck was stopped on the Bad River Road, it was still mobile and thus any of the defendants' confederates could have removed the truck or its contents. *See United States v. Helberg, supra,* at 997. Moreover, in *United States v. Chadwick,*[3] *supra,*

---

**3.** The defendants primarily rely on *Chadwick* for their contention that a warrant was required in this case. However, we do not believe that decision narrowed the "automobile exception" to the Fourth Amendment warrant requirement. *United States v. Stevie*, No. 77–1335, slip op. at 9 (8th Cir. Nov. 17, 1977). On the contrary, the Supreme Court in *Chadwick* simply rejected the government's attempt to

justify the search of a footlocker immediately after it was loaded into the trunk of defendant's car under the "automobile exception" because it found the relationship between the footlocker and Chadwick's automobile to be merely coincidental. The Court refused to extend the "automobile exception" to all personalty located outside the home. *United States v. Chadwick, supra,* 433 U.S. at 11, 97 S.Ct. at

433 U.S. at 12, 97 S.Ct. at 2484, the Supreme Court noted that "we have also sustained 'warrantless searches of vehicles . . . in cases in which the possibilities of the vehicle's being removed or evidence in it destroyed were remote, if not non-existent.' *Cady v. Dombrowski*, 413 U.S. 433, 441–42, 93 S.Ct. 2523, 2528, 37 L.Ed.2d 706 (1973)."

In the present case a warrantless search of the truck on the Bad River Road would clearly have been justified. Therefore the subsequent warrantless search at the impoundment area was also proper.[4] *Texas v. White*, 423 U.S. 67, 68, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975); *Chambers v. Moroney*, 399 U.S. 42, 52, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *United States v. Helberg, supra*, at 997.

■ Defendant Young also claims on this appeal that he is entitled to a new trial because the trial court erroneously refused to allow him to impeach a prosecution witness by cross-examining her concerning her alleged offer to pay $10,000 to have her former husband killed. The trial court did allow cross-examination of this witness concerning her prior felony conviction on a different matter.

Federal Rule of Evidence 608(b) permits the court in its discretion to allow impeachment of a witness by cross-examination concerning specific instances of conduct not resulting in conviction if the conduct relates to the witness' character for truthfulness or untruthfulness. In the present case the trial court did not abuse its discretion in refusing to allow the cross-examination since the proposed question was not relevant to veracity and honesty and would

have been highly prejudicial. *See United States v. Kirk*, 496 F.2d 947 (8th Cir. 1974); *United States v. Burch*, 490 F.2d 1300 (8th Cir.), *cert. denied*, 416 U.S. 990, 94 S.Ct. 2400, 40 L.Ed.2d 769 (1974); J. Weinstein and M. Berger, Weinstein's Evidence ¶ 68.-[05] (1976).

■ Defendant Klein's final claim of error is that there was insufficient evidence to support his conviction as an aider or abettor and co-conspirator of defendant Young. On appeal from a conviction by a jury the evidence must be viewed in the light most favorable to the government, and the government given the benefit of all reasonable inferences favorable to the government's case that logically could have been drawn from the evidence. *United States v. Wisdom*, 534 F.2d 1306, 1309 (8th Cir. 1976). When considered in light of those principles, the evidence in this case establishes that defendant Klein rented the U-Haul truck in which the stolen loaders were later found. He told the truck dealer that he was renting it to transport furnishings for his relatives and later told FBI agents that he did not know what the truck was to be used for. Defendant Klein listed Sioux Falls, South Dakota, as the destination of the truck on the rental form and paid a deposit on the truck. The evidence also discloses that several calls were made from defendant Young's room at the Townhouse Motel in Sioux Falls to defendant Klein's residence in Minnesota. Furthermore, defendant Young told Robin Peters Reiper in the Black Watch bar in Sioux Falls that he had been unable to contact his Minnesota connection. Later defendant Klein came into the Black Watch and sat down with defendant Young.

2483–84. In so holding the Court acknowledged that numerous Supreme Court cases have recognized significant differences between motor vehicles and other property, which differences permit warrantless searches of automobiles in circumstances in which warrantless searches would not be considered reasonable in other contexts. The Court distinguished these earlier cases from the facts present in *Chadwick*. *Id.* at 12, 97 S.Ct. at 2484.

It is our view that the expectancy of privacy in and inherent mobility of the locked truck

cargo area is more comparable to that of the automobile in *Chambers v. Moroney, supra*, and *Cady v. Dombrowski, supra*, than that of the footlocker in *United States v. Chadwick, supra*.

4. The government also seeks to uphold the validity of the search on the basis that the FBI agents received defendant Young's consent to search. We do not reach the merits of this claim because we sustain the validity of the warrantless search on the grounds discussed above.

Two South Dakota agents testified that they saw defendant Klein in a truck stop in Sioux Falls the previous night after two people walked away from the area of the U-Haul truck that was observed by surveillance coming into South Dakota from the state of Minnesota. Defendant Klein also told an FBI agent that he expected to be arrested.

█ All the evidence against defendant Klein in this case was circumstantial. This court has held that a conviction may be supported by circumstantial evidence alone. *United States v. Robinson*, 419 F.2d 1109, 1111 (8th Cir. 1969). Circumstantial evidence need not exclude all of the reasonable hypotheses as long as the evidence is sufficient to convince the jury beyond a reasonable doubt that the defendant is guilty. *United States v. Wisdom, supra.* That burden was met in this case. Accordingly, the convictions of both defendants are affirmed.

Affirmed.